**XIN LIU, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–3022.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 18, 2009.

Opinion filed: Dec. 17, 2009.

Tina Y. Howe, Esq., New York, NY, for Petitioner.

Zoe J. Heller, Esq., Thomas W. Hussey, Esq., Ari Nazarov, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: MCKEE, HARDIMAN and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Xin Liu petitions for review of an order of the Board of Immigration Appeals ("BIA"), which dismissed his appeal from the final removal order of an Immigration Judge ("IJ"). We will deny the petition for review.

## I.

Liu is a native and citizen of China. He came to the United States in 2005 without permission. Liu admitted his inadmissibility on that basis, but applied for asylum, withholding of removal and relief under the Convention Against Torture, claiming that he was persecuted on account of his religion and that his girlfriend was subjected to an involuntary abortion.

Liu testified as follows. He was baptized in China in 2003. He attended an underground church at a building that he used in his job as a fisherman. He and others prayed, studied the Bible, and listened to sermons. On June 27 (probably 2004, although the testimony is not clear), he and a few others were decorating the room for services when three policemen rushed in and began to destroy everything. The police arrested everyone and took them to a detention center. A.R. 74. Liu was detained for three days, and was questioned about who was in charge of the church. When Liu would not respond, the police used an electric baton to strike him and also grabbed his head and struck it against the wall until he was bloody. They interrogated him in that way every day. On the fourth day, a policeman hit him with a broken glass and made Liu sign a letter guaranteeing that he would no longer be involved in religious activities. A.R. 74–75. Liu sought medical treatment and got stitches on his left hand. A.R. 75–76. A few days after he was released, his girlfriend told him she was pregnant. They tried to register their marriage, but she was too young. Officials wanted his girlfriend to submit to an examination, but the two of them went into hiding in separate places. Liu then left for the United States. He attends church in Brooklyn or New York. A.R. 76–77.

The IJ denied the requested relief in December 2006, finding that Liu's claim regarding his girlfriend's abortion was not credible. The IJ also noted that under *Matter of S–L–L–*, 24 I. & N. Dec. 1 (BIA 2006), Liu would not be eligible for asylum on the basis of his girlfriend's abortion unless he was able to show that he had been persecuted for other resistance to the population control policy. There was no evidence that Liu resisted or was persecuted on that basis.

The IJ found that Liu's claim that he was persecuted on the basis of his religious beliefs did not have any support in the record. The IJ noted that the State Department's profile of asylum claims stated that underground churches were often tolerated if they remain small and unobtrusive. The IJ stated that Liu had not presented any evidence to show that his church was large, obtrusive, or otherwise notorious. The IJ also noted that Liu had not presented any witnesses that could attest to his religious beliefs. Although Liu presented a letter or certificate from China concerning his baptism, it had not been authenticated. The IJ did not give much weight to a letter Liu presented from an American church, because it was a fill-in-the-blank letter. The IJ also gave little weight to a letter from Liu's girlfriend noting his religious beliefs. The IJ found Liu's testimony "overall . . . not to be credible." The IJ stated that he relied in part on Liu's demeanor, including long pauses in his answers and general unease.

On June 23, 2008, the BIA dismissed Liu's appeal. The BIA noted that the IJ's adverse credibility finding was based in part on Liu's demeanor, and also that Liu displayed a lack of knowledge concerning the Christian religion. It also noted that the IJ did not find Liu's documents to be credible. The BIA found the IJ's adverse credibility determination was sufficiently supported by the record and was not clearly erroneous. The Board also agreed that

Liu was not eligible for asylum on the basis of his girlfriend's abortion.

## II.

We review the final order of the BIA, but to the extent that the BIA adopts parts of the IJ's opinion, we review the IJ's opinion to determine whether the BIA's decision to defer to the IJ was appropriate. *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir.2005). "We will uphold the [adverse credibility] findings ... to the extent that they are supported by reasonable, substantial and probative evidence on the record considered as a whole, and will reverse those findings only if there is evidence so compelling that no reasonable factfinder could conclude as the [IJ] did." *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir.2003).

This case is governed by the provisions of the Real ID Act of 2005 regarding review of adverse credibility findings, as Liu's asylum application was filed after the effective date of the Act. *See* Real ID Act of 2005, Pub.L. No. 109–13, Div. B, § 101, 119 Stat. 231 (May 11, 2005). The new provisions, *inter alia*, purport to eliminate a requirement that an adverse credibility finding based on an inaccuracy or inconsistency involve the heart of the applicant's claim. *See Lin v. Mukasey*, 521 F.3d 22, 27–28 (1st Cir.2008). We have not addressed the lawfulness of the new provision in a precedential opinion. We need not consider the effects of the new provisions, however, because the problems that the IJ noted here go to the heart of Liu's claims.

█ The IJ based his adverse credibility finding at least in part on Liu's inability to answer questions regarding Christianity, such as which "sect" of Christianity he belonged to, and the name of the first book of the Bible. The U.S. State Department's June 2004 Profile of Asylum Claims and Country Conditions for China ("Profile") cautions that "some committed Chinese Christians may have difficulty responding" to questions that "most practicing Christians in the United States would be able to answer" because of a lack of access to religious training and literature. A.R. 141. However, the IJ also "relied on [Liu's] demeanor" in making the adverse credibility finding, noting "long pauses that attended many of his answers and the general unease with which he appeared to be testifying here today." A.R. 32. "We have noted that an immigration judge alone is in a position to observe an alien's tone and demeanor and is uniquely qualified to decide whether an alien's testimony has about it the ring of truth." *Lin v. Att'y Gen.*, 543 F.3d 114, 128 (3d Cir.2008) (internal quotations and citations omitted). The IJ also noted that Liu's claim that his small underground church was harassed was not entirely consistent with the Profile's statement that underground churches were often tolerated if they remain small and unobtrusive. When we consider Liu's apparent lack of knowledge about Christianity, coupled with the IJ's comments regarding Liu's demeanor during testimony and the inconsistency between Liu's claim and the evidence in the Profile, we find that the record does not compel us to reverse the IJ's adverse credibility finding. The BIA properly found that the IJ's adverse credibility finding was not clearly erroneous, and thus properly denied Liu asylum.[1]

█ We further agree with the BIA that even assuming credibility, Liu was ineligible for asylum based on his girlfriend's abortion, as he had not established

---

1. Because there is substantial evidence supporting the adverse credibility finding, we need not reach Liu's claim that the IJ required corroboration that was not reasonably available and that the IJ should have given more weight to the documents he presented.

that he was persecuted for his own resistance to China's population control program. *Chen v. Ashcroft,* 381 F.3d 221, 229 (3d Cir.2004).[2]

Because Liu failed to meet the burden of proof required for asylum, we agree with the BIA that he necessarily failed to meet the higher burden of proof for statutory withholding of removal. We further agree that he presented no evidence that he is likely to be tortured in the future. We will deny the petition for review.

**2.** Liu failed to raise this issue in his brief to the BIA, but the BIA's consideration of the issue is sufficient to provide us with jurisdiction over that issue. *Lin v. Att'y Gen.,* 543 F.3d 114, 124 (3d Cir.2008).